Sid Dyer v. Commissioner.
Dyer v. Commissioner
Docket No. 41120.
United States Tax Court
T.C. Memo 1954-65; 1954 Tax Ct. Memo LEXIS 183; 13 T.C.M. (CCH) 536; T.C.M. (RIA) 54171; June 14, 1954, Filed *183 There being no evidence in support of petitioner's claim that he is entitled to credits for two dependents during the taxable years, held, that the respondent properly disallowed credits in each year for two alleged dependents under sections 25(b)(1)(D) and 25(b)(3). Robert J. Cowan, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner determined deficiencies in income tax for 1948, 1949, and 1950, in the amounts of $869.91, $669, and $425.55, respectively. The deficiencies are the result of disallowances of various deductions in each year for lack of substantiation. By amendment to his answer, the Commissioner has made claim for increase in the deficiency for 1950, in the amount of $500.24, pursuant to section 272(e) of the Code. The Commissioner has determined in the amendment to his answer that there was realized, in 1950, recognizable long-term capital gain of $4,496.44, of which 50 per cent, $2,248.22, is includible in petitioner's income for 1950. The parties have agreed upon the amounts of allowable deductions in each year. The only question remaining for decision is whether petitioner is, in *184 each year, entitled to credits for two dependents under sections 25(b)(1)(D) and 25(b)(3) of the Code. Findings of Fact The facts which have been stipulated are found accordingly. The stipulation is incorporated herein by this reference. The petitioner resides in Great Neck, Long Island, New York. Individual returns for the taxable years were filed with the collector for the twenty-first district of New York. The petitioner's reported income for 1950 should be increased by the sum of $2,248.22, which amount is his share of taxable long-term capital gain of $8,992.85, realized in 1950 upon the sale of improved real estate located in Great Neck, Long Island, New York, which was owned by petitioner and his wife, Blanche Dyer, as tenants by the entirety. The computation of the long-term capital gain is as follows: Sales price
$19,500.00
Adjusted basis
9,463.36
Gain
$10,036.64
Expense of sale
1,043.77
Long-term capital gain
$ 8,992.87
50 per cent recognizable
4,496.43
1/2 taxable to petitioner
$ 2,248.22
The petitioner is entitled to deductions in 1948, 1949, and 1950, for various expenditures, in the total amounts of $3,806.61, $3,729.94, and $623.28, *185 respectively. The schedule attached to the stipulation setting forth the detailed items of expenditures is incorporated herein by reference. These total amounts of allowable deductions are in lieu of all deductions claimed in petitioner's individual returns and amended petition. The petitioner no longer contests the validity of the statutory notice of deficiency issued by the Commissioner which gives rise to this proceeding. Opinion The Commissioner now agrees that petitioner is entitled to deductions in the taxable years for alimony payments, interest, taxes, legal expense, contributions, and various other expenditures in the total am ounts set forth in the Findings of Fact. In his petition, the petitioner claimed, in each year, credits for two minor children, alleging that they were his dependents under sections 25(b)(1)(D) and 25(b)(3). Under this issue the petitioner has the burden of proving that in each of the taxable years, each minor child was his dependent within the definition set forth in section 25(b)(3). The petitioner failed to introduce any evidence under the dependency credit issue. Therefore, for failure of proof, the determination of the Commissioner disallowing *186 the dependency credits is sustained. Decision will be entered under Rule 50.